JEFFREY L. BURKE; AND, CLAUDIA K. BURKE, PLAINTIFFS v. STEVE WILKINS, INDIVIDUALLY AND IN HIS CAPACITY AS AN OFFICER OF WEBSURF, INC.; AND, WEBSURF, INC. A NORTH CAROLINA CORPORATION, DEFENDANTS

No. COA98-188

(Filed 15 December 1998)

**1. Arbitration and Mediation— order denying—interlocutory—immediately appealable**

An order denying arbitration, though interlocutory, is immediately appealable.

**2. Arbitration and Mediation— order denying—no determination of valid agreement**

The trial court erred by denying a motion to compel arbitration without deciding whether a valid agreement to arbitrate existed between the parties. N.C.G.S. § 1-567.3.

Appeal by defendants from order entered 10 November 1997 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 7 October 1998.

*The Banks Law Firm, P.A., by Bryan E. Wardell, for plaintiffs-appellees.*

*Allen and Pinnix, P.A., by Michael L. Weisel and Noel L. Allen, for defendants-appellants*

TIMMONS-GOODSON, Judge.

Defendants appeal from an order of the trial court denying their Motion to Compel Arbitration and Stay Proceedings. After careful review, we reverse the court's order and remand for further proceedings.

In July of 1996, defendants Steve Wilkins and Websurf, Inc. placed an advertisement in the Business Opportunities section of the Raleigh News & Observer soliciting "partners" in a regional joint venture and licensing program to market their Internet access software. Jeffrey L. Burke and Claudia K. Burke (collectively, "plaintiffs") responded to defendants' advertisement and ultimately entered into a Regional Joint Venture Agreement, a Websurf Licensing Agreement, and a Transfer of Area License and Joint Venture Partnership Agreement with defendants. Each of these agreements contained the following provision:

The parties expressly agree that all disputes arising under or related to this agreement shall be submitted and finally settled by arbitration. This arbitration shall be conducted in accordance with the rules of arbitration of the American Arbitration Association then in effect. The arbitration shall be conducted in Raleigh, NC, and judgment upon the arbitration award may be entered in any court having jurisdiction.

On 11 July 1997, plaintiffs instituted an action against defendants in Wake County Superior Court alleging violations of the North Carolina Business Opportunity Sales Act ("BOSA"), fraud, unfair and deceptive trade practices, and breach of contract. On 5 September 1997, defendants filed a Motion to Compel Arbitration and to Stay Proceeding Pending Arbitration. The trial court heard arguments on the motion on 23 October 1997. Defendants argued that under the terms of the parties' agreements, all claims asserted in plaintiffs' complaint must be submitted to arbitration. Plaintiffs, on the other hand, argued that due to defendants' numerous BOSA violations, the agreements between the parties are void and, thus, no valid arbitration agreement exists. After reviewing the arguments of the parties and the record before it, the trial court entered an order on 10 November 1997 denying the motion to compel arbitration with respect to the BOSA, fraud, and unfair and deceptive trade practices claims. From this order, defendants appeal.

[1] On appeal, defendants bring forth but one assignment of error alleging that the trial court improperly denied their motion to stay the proceedings and compel arbitration. Initially, we point out that an "order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed." *Prime South Homes v. Byrd*, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991).

[2] The record indicates that defendants' motion to compel arbitration was made pursuant to the North Carolina Uniform Arbitration Act, North Carolina General Statutes section 1-567, et seq. Section 1-567.3, in relevant part, states the following:

(a) On application of a party showing an agreement described in G.S. 1-567.2; and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the

issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

N.C. Gen. Stat. § 1-567.3 (1996). This Court has held that when a party disputes the existence of a valid arbitration agreement, section 1-567.3 expressly requires the trial judge "to summarily determine whether, as a matter of law, a valid arbitration agreement exists," and failure to comply with this mandate is reversible error. *Routh v. Snap-On Tools Corp.*, 101 N.C. App. 703, 706, 400 S.E.2d 755, 757 (1991); *compare O'Neal Construction, Inc. v. Leonard S. Gibbs Grading, Inc.*, 121 N.C. App. 577, 468 S.E.2d 248 (1996) (stating that because case was not one where opposing party denied existence of arbitration agreement, trial court did not err in failing to determine whether valid agreement to arbitrate existed). The trial court's order in the present case pertinently provides as follows:

> **AND IT APPEARING TO THE COURT THAT** the Plaintiffs have brought an action alleging various violations of the Business Opportunities Act, Fraud, Unfair and Deceptive Trade Practices and Breach of Contract;
>
> **AND IT FURTHER APPEARING TO THE COURT THAT** the Plaintiffs' Business Opportunities Act, Fraud and Unfair and Deceptive Trade practices claims are not proper for arbitration in the instant action;
>
> . . .
>
> **NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED THAT** the Defendants' Motion to Compel Arbitration of the Plaintiffs' Business Opportunities Act, Fraud and Unfair and Deceptive Trade Practices claims is DENIED[.]

In failing to summarily decide whether a valid agreement to arbitrate exists between the parties as required by section 1-567.3 of our General Statutes, the trial court erred. Therefore, we reverse the order denying defendants' motion to compel arbitration and stay pro-

N.C. TRUST CO. v. TAYLOR

[131 N.C. App. 690 (1998)]

ceedings, and we remand this matter to the Superior Court with directions to proceed summarily to a determination of whether a valid arbitration agreement exists between the parties.

For the foregoing reasons, the order of the trial court is

Reversed and remanded.

Judges MARTIN, John C. and HORTON concur.