THE CIT GROUP/SALES FINANCING, INC., Plaintiff v. WADE LEON BRAY, Defendant/Third Party Plaintiff v. PALM HARBOR HOMES, INC., d/b/a PALM HARBOR VILLAGE; and TIMBERLAND HOMES, INC., d/b/a MAGIC LIVING HOMES, Third-Party Defendants

No. COA99-1184

(Filed 29 December 2000)

### 1. Appeal and Error— appealability—denial of motion to compel arbitration—interlocutory order—substantial right

Although the trial court's order denying motions by plaintiff and the third-party defendant to compel arbitration is an interlocutory order, it is immediately appealable because it affects a substantial right.

### 2. Arbitration and Mediation— order denying—no determination of valid agreement—insufficient findings

The trial court erred by prohibiting arbitration in a foreclosure action without first addressing whether the "General Arbitration Provision" was part of the consumer credit agreement, because: (1) when the party contesting arbitration challenges the validity of such an agreement, the trial court must summarily determine whether, as a matter of law, a valid arbitration agreement exists; and (2) the findings set out in the order were insufficient to enable the Court of Appeals to conduct a meaningful review of the trial court's conclusions that plaintiff waived its right to arbitrate and that the provision was violative of public policy.

CIT GRP./SALES FIN., INC. v. BRAY

[141 N.C. App. 542 (2000)]

Appeal by plaintiff and third-party defendants from order entered 19 March 1999 by Judge William C. Gore, Jr. in Superior Court, Columbus County. Heard in the Court of Appeals 9 October 2000.

*Law Office of William D. Harazin, by William D. Harazin, for plaintiff-appellant, and Harris, Shields, Creech and Ward, P.A., by Bonnie J. Refinski-Knight, for third-party defendants-appellants.*

*Nunalee & Nunalee, L.L.P., by Mary Margaret McEachern Nunalee, and Morgan & Maynard, PLLC, by Mallam J. Maynard, for defendant/third-party plaintiff-appellee.*

TIMMONS-GOODSON, Judge.

This appeal involves the validity of a "General Arbitration Provision" purporting to have been executed contemporaneously with a "Consumer Credit Contract" between the purchaser and seller of a mobile home. On 7 November 1996, Wade Leon Bray (hereinafter, "Bray") entered into a contract with Timberland Homes, Inc., d/b/a Magic Living Homes (hereinafter, "Timberland"), whereby Timberland agreed to finance the purchase of a mobile home manufactured by Palm Harbor Homes, Inc., d/b/a Palm Harbor Village (hereinafter, "Palm Harbor"). The transaction was secured by the mobile home, and Timberland assigned the contract to The CIT Group/Sales Financing (hereinafter, "CIT").

On 24 February 1998, CIT filed a complaint alleging that Bray had defaulted under the terms of the agreement by failing to make monthly payments on the loan. Consequently, CIT prayed for damages and possession of the mobile home. On 9 April 1998, the Clerk of Superior Court, Columbus County, entered an Order of Seizure in Claim and Delivery against Bray and in favor of CIT. Bray thereafter filed an answer and counterclaim in response to CIT's action and brought a third-party complaint against Palm Harbor. The third-party complaint raised, among others, claims for breach of contract, breach of express and implied warranties, and unfair and deceptive trade practices arising out of the sale and service of the mobile home. Palm Harbor answered the third-party complaint and moved to compel arbitration pursuant to section 1-567.1, *et seq.*, of the North Carolina General Statutes. CIT filed a cross-claim against Palm Harbor and an answer to Bray's counterclaim, which answer included a motion to compel arbitration.

The trial court conducted a hearing on the motions, and by order entered 19 March 1999, denied arbitration. CIT and Palm Harbor filed timely notices of appeal.

---

[1] As a preliminary matter, this Court has said that an order denying a motion to compel arbitration affects "a substantial right which might be lost if appeal is delayed." *Prime South Homes v. Byrd*, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991). Accordingly, the order from which the present appeal was taken, although interlocutory, merits immediate review. *See Sims v. Ritter Construction, Inc.*, 62 N.C. App. 52, 302 S.E.2d 293 (1983) (allowing immediate appeal from order withdrawing matter from arbitration and placing it on trial calender).

[2] The motions of CIT and Palm Harbor for compulsory arbitration were made pursuant to North Carolina General Statutes section 1-567.1, *et seq*. In relevant part, section 1-567.3 provides:

> (a) On application of a party showing an agreement described in G.S. 1-567.2; and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application should be denied.

N.C. Gen. Stat. § 1-567.3(a) (1999). Therefore, when the party contesting arbitration challenges the legitimacy of such an agreement, the trial court must "summarily determine whether, as a matter of law, a valid arbitration agreement exists." *Routh v. Snap-On Tools Corp.*, 101 N.C. App. 703, 706, 400 S.E.2d 755, 757 (1991). Failure of the court to resolve this issue, when properly raised, is reversible error. *Burke v. Wilkins*, 131 N.C. App. 687, 689, 507 S.E.2d 913, 914 (1998).

In the case *sub judice*, Bray submitted a brief in opposition to the motions of CIT and Palm Harbor to compel arbitration. Bray alleged in the brief that the document entitled "General Arbitration Provision" "was not executed . . . in connection with the transaction which is the subject of this litigation, but rather was executed by [Bray and his wife, Teresa,] with regard to an attempted sale, approximately one (1) month earlier (10/7/96)." Bray further maintained that Teresa refused to contract with Palm Harbor because she disap-

proved of their business practices. As a result, "[the earlier] sale was never consummated." According to Bray, "[n]o arbitration document was signed or agreed upon in the November 7, 1996 transaction," and the previously-executed arbitration provision was altered to misrepresent the date of execution as 7 November 1996. The claims asserted in the brief were corroborated by the attached exhibits and affidavits of Bray and his wife, Teresa.

Although the order denying arbitration states that the trial court considered Bray's opposing brief, not one of the court's findings of fact or conclusions of law addresses whether the "General Arbitration Provision" was indeed a part of the consumer credit agreement at issue in this litigation. The court, instead, prohibited arbitration based on its determinations that CIT waived its right to arbitrate and that the arbitration provision was void and unenforceable as against public policy. In failing to first ascertain whether the parties intended that the arbitration provision apply to the 7 November 1996 transaction, the court put the proverbial cart before the horse. If, in fact, the parties did not mutually assent to incorporate the agreement to arbitrate in the 7 November 1996 Consumer Credit Contract, any issue as to waiver or enforceability of the agreement is moot.

In short, Bray having "denie[d] the existence of the agreement to arbitrate [with respect to the transaction in dispute], the court [was compelled to] proceed summarily to the determination of the issue so raised." *See* N.C.G.S. § 1-567.3(a). Failure to do so was error. *See Paramore v. Inter-Regional Financial,* 68 N.C. App. 659, 316 S.E.2d 90 (1984) (remanding case for trial court to determine validity of agreement to arbitrate where party opposing arbitration made showing of forgery, fraud, and undue influence regarding execution of underlying contract). We further conclude that the findings of fact set out in the order were insufficient to enable this Court to conduct a meaningful review of the trial court's conclusions that CIT waived its right to arbitrate and that the provision was violative of public policy. *See In re Foreclosure of Newcomb,* 112 N.C. App. 67, 75, 434 S.E.2d 648, 653 (1993) (quoting *Appalachian Poster Advertising Co., Inc. v. Harrington,* 89 N.C. App. 476, 480, 366 S.E.2d 705, 707 (1988) (reversing and remanding order where findings of fact inadequate to permit meaningful appellate review and to " 'test the correctness of [the lower court's] judgment.' ") Accordingly, we reverse the order and remand this matter to the Superior Court with instructions to determine summarily whether a valid arbitration agreement exists with

respect to the 7 November 1996 Consumer Credit Contract between Bray and Timberland.

Reversed and remanded.

Chief Judge EAGLES and Judge FULLER concur.