DAN D. BARNHOUSE, Plaintiff v. AMERICAN EXPRESS FINANCIAL ADVISORS, INC., AMERICAN ENTERPRISE INVESTMENT SERVICES, INC., and BANK OF AMERICA CORPORATION, Defendants

No. COA01-936

(Filed 16 July 2002)

**Arbitration and Mediation— denial of arbitration—initial finding that agreement existed—required**

The trial court erred by denying defendant's motion to stay the proceeding pending arbitration in an action arising from the sale of stock where the court did not first determine whether an agreement to arbitrate existed.

Judge GREENE dissenting.

Appeal by defendants American Express Financial Advisors, Inc., and American Enterprise Investment Services, Inc., from order entered 8 December 2000 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 April 2002.

*Cansler Lockhart, P.A., by F. Lane Williamson, for plaintiff appellee.*

*The Banks Law Firm, P.A., by R. Jonathan Charleston, for American Express Financial Advisors, Inc., and American Enterprise Investment Services, Inc., defendant appellants.*

TIMMONS-GOODSON, Judge.

American Express Financial Advisors, Inc. and American Enterprise Investment Services, Inc. (collectively, "defendants") appeal an order by the trial court denying their motion to stay proceedings pending arbitration. For the reasons stated herein, we reverse the order and remand this case to the trial court.

The facts pertinent to the instant appeal are as follows: On 2 December 1999, Dan D. Barnhouse ("plaintiff") filed a complaint against defendants and Bank of America Corporation in Mecklenburg County Superior Court alleging negligence and breach of fiduciary duty in the sale of certain stock owned by plaintiff. Defendants thereafter filed a motion to stay further proceedings, alleging that

plaintiff had agreed, upon opening his account with defendants, to submit to arbitration any dispute arising over his account. Plaintiff denied that such an agreement to arbitrate existed, and defendants' motion came before the trial court on 9 October 2000. After arguments by counsel, the trial court denied defendants' motion to stay proceedings, from which order defendants appeal.

The dispositive issue is whether the trial court properly denied defendants' motion to stay proceedings without first determining whether or not an agreement to arbitrate existed between the parties. Because we conclude that the court was required to first resolve the issue of whether or not an agreement to arbitrate existed before granting or denying defendants' motion, we reverse and remand the order of the court.

We note initially that the denial of a motion to compel arbitration, although interlocutory, is nevertheless immediately appealable, as it affects a substantial right. *See Blow v. Shaughnessy*, 68 N.C. App. 1, 12, 313 S.E.2d 868, 874, *disc. review denied*, 311 N.C. 751, 321 S.E.2d 127 (1984). Defendants' appeal is therefore properly before this Court.

Upon a motion seeking stay of a court proceeding on the grounds that the parties had previously agreed to arbitrate the controversy at issue and the opposing party's denial of the existence of an arbitration agreement, the trial court "shall proceed summarily" to determine whether or not an agreement to arbitrate exists between the parties. N.C. Gen. Stat. § 1-567.3(a) (2001). By its plain terms, the statute requires the court to summarily determine whether a valid arbitration agreement exists. *See Routh v. Snap-On Tools Corp.*, 101 N.C. App. 703, 706, 400 S.E.2d 755, 757 (1991). Failure of the court to determine this issue, where properly raised by the parties, constitutes reversible error. *See Burke v. Wilkins*, 131 N.C. App. 687, 689, 507 S.E.2d 913, 914 (1998). In determining whether or not an agreement to arbitrate exists, the court may also properly resolve preliminary issues surrounding the agreement, such as whether or not the agreement was induced by fraud, *see Henderson v. Herman*, 104 N.C. App. 482, 486, 409 S.E.2d 739, 741 (1991), *disc. review denied*, 330 N.C. 851, 413 S.E.2d 551 (1992), or whether the doctrines of *res judicata* or waiver apply. *See Cyclone Roofing Co. v. LaFave Co.*, 67 N.C. App. 278, 281-82, 312 S.E.2d 709, 711, *reversed on other grounds*, 312 N.C. 224, 321 S.E.2d 872 (1984). Where the trial court determines that the parties entered into an enforceable contract providing for arbitration,

the trial court "shall order the parties to proceed to arbitration." N.C. Gen. Stat. § 1-567.3(b). Accordingly, where the court concludes that no agreement to arbitrate exists, the court will grant the moving party's motion to stay arbitration. *See id.*

In the instant case, there is no indication that the trial court made any determination regarding the existence of an arbitration agreement between the parties before denying defendants' motion to stay proceedings. The order denying defendants' motion to stay proceedings does not state upon what basis the court made its decision, and as such, this Court cannot properly review whether or not the court correctly denied defendants' motion. *See CIT Grp./Sales Fin., Inc. v. Bray,* 141 N.C. App. 542, 545, 539 S.E.2d 690, 692 (2000). Although it is possible to infer from the order denying defendants' motion that the trial court found that no arbitration agreement existed, other possibilities are equally likely. For instance, the trial court might have concluded that an arbitration agreement existed, but that the doctrine of equitable estoppel precluded enforcement of the agreement. It is also possible that the trial court made no determination on the validity of the agreement, but denied the motion on procedural grounds, for example. Because the trial court failed to determine whether or not an agreement to arbitrate existed between the parties, the trial court erred in denying defendants' motion to stay proceedings.[1] *See CIT Grp./Sales Fin., Inc.,* 141 N.C. App. at 545, 539 S.E.2d at 692; *Burke,* 131 N.C. App. at 689, 507 S.E.2d at 915 (both holding that the trial courts erred where they denied motions to compel arbitration and stay proceedings without first determining whether a valid agreement to arbitrate existed between the parties). We therefore reverse the order and remand to the trial court for a determination of whether or not there exists an agreement to arbitrate between the parties. The order of the trial court is therefore

Reversed and remanded.

Judge HUNTER concurs.

Judge GREENE dissents.

---

1. Despite the dissent's assertions to the contrary, our holding does not require the trial court to make detailed and specific findings of fact regarding the agreement to arbitrate. Rather, the trial court's order must simply reflect whether or not a valid agreement to arbitrate exists between the parties.

GREENE, Judge, dissenting.

Because I disagree with the majority that the trial court was under a duty to make findings as to the existence of an agreement to arbitrate, I dissent.

On 2 December 1999, plaintiff filed a complaint against defendants and Bank of America Corporation (BOA) alleging negligence and breach of fiduciary duty in the sale of his stock. On 3 February 2000, defendants filed an unverified answer denying plaintiff's allegations together with a motion to stay proceedings pending arbitration. In support of the motion to stay the proceedings, defendants alleged in their answer that plaintiff had opened an AEFA investment management account and, in so doing, agreed to certain written provisions, including an agreement to arbitrate any controversies arising out of the relationship between plaintiff and defendants. BOA filed an answer dated 4 February 2000 and a motion to compel arbitration dated 7 March 2000.[2]

Plaintiff submitted an affidavit stating he "never entered into any kind of arbitration agreement with [defendants] in connection with the purchase of . . . stock for [his] account. [He] never discussed such an agreement with . . . AEFA and did not even know that such a provision existed until this lawsuit [commenced]." Defendants' attorney submitted a memorandum of law in support of their motion to stay proceedings pending arbitration (the memorandum) dated 9 October 2000, to which the alleged agreement outlining the arbitration provision was attached. The memorandum was not in the form of an affidavit and was neither filed nor presented into evidence in the trial court.

In this case, the trial court ruled on defendants' motion to stay proceedings pending arbitration. Accordingly, the trial court was not required to enter any findings or conclusions unless requested to do so by a party. *See* N.C.G.S. § 1A-1, Rule 52(a)(2) (2001). Furthermore, "[w]hen the trial court is not required to find facts and make conclusions of law and does not do so, it is presumed that the [trial] court[,] on proper evidence[,] found facts to support its judgment." *Estrada v. Burnham*, 316 N.C. 318, 324, 341 S.E.2d 538, 542 (1986). As neither party requested the trial court to enter findings and conclusions, it

---

2. While the record does not reflect the trial court's ruling on BOA's motion, both plaintiff and defendants indicate in their briefs to this Court that the trial court allowed the motion.

must be presumed that the trial court found facts to support its order. Thus, the majority is mistaken in its assumption that the trial court's failure to enter specific findings in its order is equivalent to a failure to determine whether an arbitration agreement existed between the parties.

The dispositive issue in this case is whether defendants met their burden of showing the existence of a written agreement to arbitrate.

Upon a motion seeking a stay of a court proceeding on the grounds that the parties had previously agreed to arbitrate the controversy at issue and the opposing party's denial of the existence of an arbitration agreement, the trial court is required to "proceed summarily"[3] to determine the issue. N.C.G.S. § 1-567.3 (2001); *Routh,* 101 N.C. App. at 706, 400 S.E.2d at 757. The party seeking enforcement of an arbitration agreement has the burden of showing the existence of that agreement, *Sciolino v. TD Waterhouse Investor Servs., Inc.,* —— N.C. App. ——, ——, 562 S.E.2d 64, 66, (2002), and may do so with affidavit(s) and documentary evidence filed with or presented into evidence in the trial court and, with the trial court's permission, the use of "oral testimony or depositions," N.C.G.S. § 1A-1, Rule 43(e) (2001) (permissible evidence to be heard on motions); *see Hankins v. Somers,* 39 N.C. App. 617, 619-20, 251 S.E.2d 640, 642, *disc. review denied,* 297 N.C. 300, 254 S.E.2d 920 (1979) (Rule 56(e) affidavit requirements read into Rule 43(e)). "[A]ffidavits or other material offered which set forth facts which would not be admissible in evidence should not be considered" when passing on a section 1-567.3 motion. *Borden, Inc. v. Brower,* 17 N.C. App. 249, 253, 193 S.E.2d 751, 753, *rev'd on other grounds,* 284 N.C. 54, 199 S.E.2d 414 (1973); N.C.G.S. § 1A-1, Rule 56(e) (2001). Inadmissible evidence may nonetheless "be considered by the [trial] court if not challenged by means of a timely objection." *Insurance Co. v. Bank,* 36 N.C. App. 18, 26, 244 S.E.2d 264, 269 (1978).

---

3. This requires the trial court to "summarily determine" whether there exists a written agreement to arbitrate and in doing so, the trial court is not to use the summary judgment standard. *Routh v. Snap-On Tools Corp.,* 101 N.C. App. 703, 706, 400 S.E.2d 755, 757 (1991). Upon the filing of a section 1-567.3 motion and the other party's denial of the existence of an arbitration agreement, the trial court must, as soon as practical, conduct a hearing and resolve the issues of fact and law presented by the motion. If oral testimony is permitted by the trial court, the parties must be allowed an adequate opportunity for cross-examination.

BARNHOUSE v. AMERICAN EXPRESS FIN. ADVISORS, INC.

[151 N.C. App. 507 (2002)]

To be valid, the agreement to arbitrate must be in writing. N.C.G.S. § 1-567.2(a) (2001).[4] There is no requirement, however, that the written agreement be signed. *See Real Color Displays v. Universal Applied Tech.*, 950 F. Supp. 714, 717 (E.D.N.C. 1997) (applying federal arbitration statute similar to this state's statute). Thus, "parties may become bound by the terms of a [written] contract, even though they do not sign it, where their assent is otherwise indicated." 17A Am. Jur. 2d *Contracts* § 185 (1991) (assent indicated upon "acceptance of benefits under the contract, or the acceptance by one of the performance by the other"); *Daisy Mfg. Co., Inc. v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir. 1994) (under ordinary contract principles, parties can "become contractually bound absent their signatures").

In this case, defendants have not presented any competent evidence within the meaning of Rule 43(e) and thus have failed to meet their burden of showing the existence a written agreement with plaintiff to arbitrate the controversy at issue. Defendants' answer states the terms of the alleged agreement, the allegations, however, do not qualify as evidence within the meaning of Rule 43(e) because the answer was not verified.[5] *See Schoolfield v. Collins*, 281 N.C. 604, 612, 189 S.E.2d 208, 212-13 (1972) (verified pleading qualifies as an affidavit under Rule 56(e)). Although defendants' attorney attached a copy of the alleged agreement to the memorandum submitted to the trial court, the memorandum does not qualify as a Rule 56(e) affidavit for two reasons: it was not sworn to, and it does not "show affirmatively that [the attorney] is competent to testify" with respect to the agreement. *See* N.C.G.S. § 1A-1, Rule 56(e). Furthermore, the attachment to the memorandum does not qualify as documentary evidence because the memorandum was not filed with the trial court or otherwise presented into evidence.[6] The trial court therefore properly denied defendants' motion to stay proceedings pending arbitration, and I would affirm the trial court's order.

---

4. "Both state and federal statutes address the validity and effect of arbitration provisions." *Eddings v. S. Orthopedic & Musculoskeletal Assocs. P.A.*, 147 N.C. App. 375, 380, 555 S.E.2d 649, 653 (2001), *disc. review denied*, 355 N.C. 285, 560 S.E.2d 799 (2002). The Federal Arbitration Act (the FAA) applies only to maritime transactions and "contract[s] evidencing a transaction involving commerce." 9 U.S.C. § 2 (1999). Neither party argues the FAA applies in this case.

5. Furthermore, there is nothing in this record to indicate defendants were relying on their unverified answer to support their section 1-567.3 motion or any indication the trial court was considering it. Thus, plaintiff had no obligation to object.

6. Because it was neither presented into evidence nor filed with the trial court, plaintiff had no obligation to lodge an objection to its consideration.