**FRANCK v. P'NG**

[156 N.C. App. 691 (2003)]

CATHY SCHULKES FRANCK, Administratrix of the Estate of JOHN E. FRANCK, Jr., Plaintiff v. CHOON HEONG P'NG, M.D., HOUSE CALL PHYSICIANS, P.A., KATHY W. COOK, RNCS, GNP, INTEGRATED HEALTH SERVICES, INC., IHS ACQUISITION NO. 119, INC., d/b/a IHS of Durham, Defendants

No. COA02-405

(Filed 18 March 2003)

**Appeal and Error— appealability—arbitration procedure— interlocutory**

An order was interlocutory and not immediately appealable where the court set aside an arbitration consent order because plaintiff could not afford her portion of the costs for three out-of-state arbitrators, the court gave defendants the option to use one arbitrator, with plaintiff being bound by defendant's election, and the court did not certify its order for immediate review. The order did not deny defendants the right to arbitrate, and defendants did not argue or cite authority for the proposition that an order prescribing the way in which an arbitration shall be conducted affects a substantial right.

Appeal by defendants, Integrated Health Services, Inc., and Acquisition No. 119, Inc., d/b/a IHS of Durham, from order entered 7 December 2001 by Judge Anthony Brannon in Granville County Superior Court. Heard in the Court of Appeals 10 February 2003.

*Smith Debnam Narron Wyche Story & Myers, L.L.P., by John W. Narron and Jeffrey R. Ellinger, for plaintiff-appellee.*

*Yates, McLamb & Weyher, L.L.P., by Michael C. Hurley and Monica Langdon Lee, for defendant-appellants.*

MARTIN, Judge.

Plaintiff filed this action for wrongful death alleging the negligence of defendants proximately caused the death of her husband, John E. Franck, Jr. Defendants Integrated Health Services, Inc., and Acquisition No. 119, Inc., d/b/a IHS of Durham (IHS) answered and subsequently filed a Motion for Stay and Order Referring Action to Arbitration on grounds that the parties had executed a binding arbitration agreement. Plaintiff consented to arbitration of the dispute, and on 28 February 2001, the trial court entered a Consent Order severing plaintiff's claims against IHS from her claims against the

remaining defendants and referring the action to binding arbitration before the American Health Lawyers Association ("AHLA"), "assuming that the rules, procedures and selection of arbitrators for arbitration by this Association are consistent with Due Process."

As a result of the Consent Order, the parties initiated the arbitration process, which included the selection of arbitrators from a list of seven candidates provided by AHLA, none of whom resided in North Carolina. Despite plaintiff's request for the option of selecting arbitrators from within the state, AHLA would not provide that option. The parties then selected three arbitrators from the list of seven to preside over the dispute. AHLA informed the parties they would each be required to place in escrow 50% of all expenses to cover the arbitration, including fees and expenses for the three arbitrators. The parties were subsequently informed by letter that arbitrator fees and expenses were estimated to cost approximately $49,000, and that each party would be required to place $24,500 in escrow. The letter also stated an additional advance could be requested "[s]hould it become apparent that this advance will not cover the full fees and expenses."

In reaction to the letter, plaintiff filed a Motion to Set Aside Consent Order for Arbitration alleging that the amount the parties were required to pay for arbitration was so excessive as to deny her due process, that plaintiff did not have sufficient funds to place in escrow for the arbitration, and that if required to arbitrate, plaintiff would lose her "day in court." Upon hearing the motion, the trial court entered an order finding "[p]laintiff's financial inability to afford her portion of the costs of the out-of-state three-member arbitration panel denies her access to the arbitral forum and is not consistent with her due process rights to have her claims heard against [defendants]." Accordingly, the trial court set aside the Consent Order and ordered that defendants IHS have "the option to arbitrate with one arbitrator pursuant to the rules and procedures of the American Health Lawyers Association, or to exercise its right to a jury trial in the N.C. Superior Court." The order further provided that plaintiff would be bound by defendants' election. Defendants IHS appeal.

---

Interlocutory orders are those made while an action is pending and which do not dispose of the case but require further action in order to finally determine the entire controversy. *Boynton v. ESC Med. Sys.*, 152 N.C. App. 103, 566 S.E.2d 730 (2002). There are two exceptions to this rule where immediate review is available: (1)

where "the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay;" or (2) where the order affects a substantial right which would be lost absent immediate review. *Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999).

Defendants assert that the order at issue, though interlocutory, is immediately appealable because it deprives them of their right to arbitrate their dispute and thus affects a substantial right. In support thereof, defendants note the prior holdings of this Court that an order denying a demand for arbitration affects a substantial right such that it is immediately appealable. *See, e.g., Barnhouse v. Am. Express Fin. Advisors, Inc.*, 151 N.C. App. 507, 566 S.E.2d 130 (2002). However, the order from which defendants appeal did not deny defendants the right to arbitrate; the order specifically provides that defendants be given the right to choose arbitration, and that plaintiff be bound by defendants' choice. Defendants have failed to cite authority for the proposition that an order prescribing the way in which the arbitration shall be conducted, as in this case, affects a substantial right, nor have they argued on appeal how this specific action affects their right to arbitration or any other substantial right. Accordingly, we decline to hold that the trial court's order affects a substantial right. As the trial court did not certify its order for immediate review, defendants' appeal must be dismissed as interlocutory.

Appeal dismissed.

Chief Judge EAGLES and Judge GEER concur.