JULIE ERIKSSON KIELL, Plaintiff v. CHARLES STEVEN KIELL, Defendant

No. COA05-620

(Filed 5 September 2006)

## 1. Appeal and Error— appealability—denial of arbitration—substantial right

An order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed.

## 2. Arbitration and Mediation— denial of motion to compel—entitlement to jury trial

The trial court erred in a divorce case by denying defendant's motion to compel arbitration and by concluding that plaintiff is entitled to a jury trial regarding whether any arbitration agreement was fraudulently induced or was waived by virtue of a breach of contract, and the case is remanded in accordance with the North Carolina Uniform Arbitration Act and North Carolina Family Law Arbitration Act for a determination by the trial court regarding whether an enforceable arbitration agreement exists between the parties, because: (1) the enforcement of arbitration agreements does not violate a party's constitutional right to a jury trial; (2) the trial court never addressed whether the remedy sought was one respecting property, and plaintiff made no argument on appeal that the remedy of relief she seeks (rescission of the collaborative agreement) meets that requirement; (3) the trial court directed a jury trial on preliminary issues and not as a means of resolving the ultimate merits of the underlying claims; and (4) plaintiff is not entitled to have those issues resolved by the jury since the factual questions regarding whether an enforceable arbitration agreement exists do not relate to the ultimate relief sought by the parties and do not affect the final rights of the parties with respect to their family law dispute. N.C.G.S. §§ 1-567.3(a), 50-43(a).

Appeal by defendant from order entered 5 January 2005 and amended order entered 14 January 2005 by Judge C. Thomas Edwards in Catawba County District Court. Heard in the Court of Appeals 22 March 2006.

*J. Steven Brackett Law Office, by J. Steven Brackett, for plaintiff-appellee.*

*Crowe & Davis, P.A., by H. Kent Crowe, for defendant-appellant.*

GEER, Judge.

Defendant Charles Steven Kiell appeals from an order denying his motion to compel arbitration and concluding that plaintiff Julie Eriksson Kiell is entitled to a jury trial regarding whether any arbitration agreement was fraudulently induced or was waived by virtue of a breach of contract. It is well established under North Carolina law that, when a party denies the existence of an arbitration agreement, the trial court shall proceed summarily to determine whether or not an agreement to arbitrate exists, and it is reversible error for a trial court to fail to do so before ruling upon a motion to compel arbitration. *Barnhouse v. Am. Express Fin. Advisors, Inc.*, 151 N.C. App. 507, 508, 566 S.E.2d 130, 131 (2002). Plaintiff has cited no authority—and we have found none—that suggests she has a constitutional right to a jury trial on the preliminary issues regarding the existence of an enforceable arbitration agreement. Accordingly, we reverse the order below and remand for a determination by the trial court regarding whether an enforceable arbitration agreement exists between the parties.

## Facts

The parties were married in 1993, had no children, and later permanently separated. In August 2003, the parties entered into an agreement entitled "North Carolina Collaborative Family-Law Agreement" (the "Collaborative Agreement"), which provided that the Kiells "have chosen to use the principles of Collaborative Law to settle the issues arising from the dissolution of the their [sic] marriage." Additionally, the Collaborative Agreement provided that the parties "commit . . . to settling [their] case without court intervention" and went on to include the following passage under the heading "Special Dispute Resolution (Arbitration/Mediation)":

> Should . . . an issue or issues arise [about which agreement cannot be reached], we agree to submit the matter to mediation, mediation/arbitration, or binding arbitration under the North Carolina Family Law Arbitration Act, rather than submitting the problem to the Courts. . . . This provision is a binding arbitration clause, to be used rather than submitting the matter to Court.

Despite this Collaborative Agreement, in August 2004, plaintiff filed her complaint in Catawba County District Court, seeking divorce from bed and board, post-separation support, alimony, attorneys' fees, and equitable distribution. The complaint also included a "Claim to Rescind and Invalidate any Purported Collaborative Law Agreement Between the Parties." Plaintiff alleged that she had been fraudulently induced to enter into the Collaborative Agreement and that, even if the Collaborative Agreement was binding, defendant had breached the Collaborative Agreement, thereby entitling her to rescission.

On 13 September 2004, defendant moved to compel arbitration pursuant to the Collaborative Agreement under N.C. Gen. Stat. § 50-43(a) (2005). The trial court denied defendant's motion, concluding that plaintiff had a right to a jury trial on her fraudulent inducement and breach of contract claims for the following reason:

> Since the Plaintiff's underlying claims for fraud and breach of contract existed at the time of the adoption of the 1868 Constitution, Plaintiff's right to jury trial on those issues must take precedence over any statutory limitation thereon. The Plaintiff's constitutional entitlement to trial by jury on her claims for fraud and breach of contract supercedes the provisions of North Carolina General Statute Chapter 50, Article 3 insofar as said provisions may attempt to abrogate the Plaintiff's right to trial by jury.

Based on this determination, the trial court ruled that plaintiff was entitled to a trial by jury on her claims of fraud and breach of contract and stayed all further proceedings "until those issues are tried by a jury."

## Discussion

[1] On appeal, defendant argues that the trial court erred by concluding that the provisions of both the North Carolina Uniform Arbitration Act ("UAA"), N.C. Gen. Stat. §§ 1-567.1 to 1-567.29 (2001) (repealed 2003),[1] and the North Carolina Family Law Arbitration Act ("FLAA"), N.C. Gen. Stat. §§ 50-41 to 50-63 (2005)—that require the trial judge to determine whether a valid arbitration agreement exists—are unconstitutional as applied to plaintiff's actions for fraud-

---

1. We note that, effective 1 January 2004, the UAA was repealed and replaced with the Revised Uniform Arbitration Act. 2003 N.C. Sess. Laws 345, secs. 1, 4. Because the parties entered into the Collaborative Agreement in August 2003, however, the UAA applies in this case.

ulent inducement and breach of the Collaborative Agreement. We note as an initial matter that "[a]n order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed." *Miller v. Two State Constr. Co.*, 118 N.C. App. 412, 414, 455 S.E.2d 678, 679 (1995) (internal quotation marks omitted).

**[2]** When a party moves to compel arbitration under the UAA and "the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party . . . ." N.C. Gen. Stat. § 1-567.3(a). This Court has specifically held that "[b]y its plain terms, the statute requires the court to summarily determine whether a valid arbitration agreement exists. Failure of the court to determine this issue, where properly raised by the parties, constitutes reversible error." *Barnhouse*, 151 N.C. App. at 508, 566 S.E.2d at 131 (internal citations omitted). As part of this determination, "the court may also properly resolve preliminary issues surrounding the agreement, such as whether or not the agreement was induced by fraud, or whether the doctrines of *res judicata* or waiver apply." *Id.*, 566 S.E.2d at 132 (internal citations omitted).

The applicable provision of the FLAA likewise states that, upon a party's motion to compel arbitration, "[i]f an opposing party denies existence of an agreement to arbitrate, the court shall proceed summarily to determine whether a valid agreement exists and shall order arbitration if it finds for the moving party . . . ." N.C. Gen. Stat. § 50-43(a). Although our appellate courts have yet to interpret this provision, the FLAA is meant to be consistent with other North Carolina law governing arbitration, including the UAA. *See* N.C. Gen. Stat. § 50-41(a) ("[T]he purpose of this Article is to provide for arbitration as an efficient and speedy means of resolving these disputes, consistent with Chapters 50, 50A, 50B, 51, 52, 52B, and 52C of the General Statutes and similar legislation . . . ."); N.C. Gen. Stat. § 50-62(a) ("Certain provisions of this Article have been adapted from the [UAA] in force in this State . . . . This Article shall be construed to effect its general purpose to make uniform provisions of th[is] Act[] . . . ."). We, therefore, hold that opinions construing identical provisions of the UAA are controlling with respect to the FLAA.

Here, instead of summarily determining whether the Collaborative Agreement contained a valid arbitration clause, the trial court concluded that, because Plaintiff's "underlying claims for fraud and

breach of contract existed at the time of the adoption of the 1868 Constitution, Plaintiff's right to [a] jury trial on those issues must take precedence over any statutory limitation thereon." The trial court and plaintiff point to the North Carolina Constitution's provision that "[i]n all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable." N.C. Const. art. I, § 25.

This Court has, however, repeatedly held that the enforcement of arbitration agreements does not violate a party's constitutional right to a jury trial. The Court specifically addressed the fraudulent inducement argument made here in *Creekside Constr. Co. v. Dowler*, 172 N.C. App. 558, 562, 616 S.E.2d 609, 612 (2005):

> [D]efendants assert the trial court erred in compelling arbitration because they were deprived of an opportunity to present evidence of the invalidity of the arbitration clause. Specifically, defendants argue the contract was induced by fraud . . . . At the hearing, defendants argued they were entitled to a jury trial on the issue of whether the arbitration clause was enforceable on the grounds that the contract was induced by fraud. On appeal, defendants have abandoned that argument, and *we note that such argument is supported by neither statutory nor case law.*

(Emphasis added.) Likewise, in *Miller*, this Court held: "An agreement to arbitrate a dispute is not an unenforceable contract requiring waiver of a jury . . . . [T]here is no constitutional impediment to. arbitration agreements." 118 N.C. App. at 416-17, 455 S.E.2d at 681. *See also Carteret County v. United Contractors of Kinston, Inc.*, 120 N.C. App. 336, 341, 462 S.E.2d 816, 820 (1995) (holding that "there is no constitutional impediment to arbitration agreements" with respect to the constitutional right to a jury trial); *Bentley v. N.C. Ins. Guar. Ass'n*, 107 N.C. App. 1, 10, 418 S.E.2d 705, 711 (1992) (holding that an appraisal clause did not violate the insured's constitutional right to a trial by jury).

Further, our Supreme Court has held that the right to trial by jury applies "only to actions respecting property in which the right to jury trial existed either at common law or by statute at the time of the adoption of the 1868 Constitution." *State ex rel. Rhodes v. Simpson*, 325 N.C. 514, 517, 385 S.E.2d 329, 331 (1989). If the action existed at the time of the adoption of the 1868 Constitution, then the court "determine[s] whether the remedy sought is one at law respecting property." *Id.* at 518, 385 S.E.2d at 332. The Supreme Court recently

reaffirmed that the remedy sought must be one "respecting property." *See Rhyne v. K-Mart Corp.*, 358 N.C. 160, 174, 594 S.E.2d 1, 11 (2004) ("[W]e do not agree with plaintiffs' argument that the 'respecting property' language of Article I, Section 25 is mere surplusage and that determining whether a right to a trial by jury exists should *only* involve an examination of whether [the cause of action existed] prior to 1868.").

The trial court, in holding that plaintiff had a right to a jury trial on the preliminary issues of fraudulent inducement and breach of contract with respect to the Collaborative Agreement, relied exclusively on the fact that such causes of action existed at the time of the adoption of the 1868 Constitution. It never addressed whether "the remedy sought" was one "respecting property." Likewise, plaintiff, on appeal, makes no argument that the remedy or relief she seeks— rescission of the Collaborative Agreement—meets that requirement. She identifies no property right that will be vindicated if the Collaborative Agreement, specifying the manner in which the parties intended to resolve their family law disputes, is rescinded.

In addition, the trial court directed a jury trial on preliminary issues and not as a means of resolving the ultimate merits of the underlying claims. Our Supreme Court long ago held that when the issues upon which a jury trial is sought "form no part of the ultimate relief sought [and] do not affect the final rights of the parties," then "the power of the judge to make them is constitutionally exercised without the intervention of the jury." *Peele v. Peele*, 216 N.C. 298, 300, 4 S.E.2d 616, 618 (1939) (concluding that trial court properly decided, without a jury, whether a wife was entitled to alimony *pendente lite*).

Since the factual questions regarding whether an enforceable arbitration agreement exists do not relate to the ultimate relief sought by the parties, and do not affect the final rights of the parties with respect to their family law dispute, plaintiff is not entitled to have those issues resolved by a jury. Consequently, without expressing any opinion on the enforceability or scope of the Collaborative Agreement's arbitration provisions, we reverse and remand to the trial court for proceedings in accordance with the UAA and the FLAA.

Reversed and remanded.

Judges McGEE and McCULLOUGH concur.