An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-580

NORTH CAROLINA COURT OF APPEALS

Filed: 6 January 2015


PATTISON OUTDOOR ADVERTISING, LP,
    Plaintiff,

    v.                                    Mecklenburg County
                                          No. 13 CVS 17582
THE ELEVATOR CHANNEL, INC., d/b/a
11GIRAFFES COMPANY,
    Defendant.


Appeal by Defendant from order entered 9 January 2014 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 October 2014.


*K&L Gates LLP, by John H. Culver III, for Plaintiff.*

*James, McElroy & Diehl, P.A., by Preston O. Odom, III, and Adam L. Ross, for Defendant.*


STEPHENS, Judge.


*Factual and Procedural Background*

Defendant The Elevator Channel, Inc., d/b/a 11Giraffes Company, is a Delaware corporation based in North Carolina that provides media software platforms. In April 2010, Defendant agreed to build and manage a network of digital advertising and

other content for Plaintiff Pattison Outdoor Advertising, LP, a Canadian advertising company. Pursuant to the services agreement between the parties ("the Agreement"), Plaintiff would provide all content for the network, while Defendant would install and manage the network and provide customer service support. Section 18 of the Agreement provides the process to be followed in resolving disputes between the parties ("the ADR provision"):

Any dispute, controversy or claim arising out of or in connection with this Agreement or the failure of [Defendant] and [Plaintiff] to agree on any matters requiring or contemplating their agreement hereunder (a "Dispute") shall be dealt with as follows:

(a) A meeting shall be held between Parties promptly after a Dispute has arisen. The meeting will be attended by representatives of the Parties with decision-making authority to settle the Dispute. At the meeting, the Parties will attempt in good faith to negotiate a resolution of the Dispute. All negotiations and settlement discussions to resolve a Dispute shall he treated as compromise and settlement negotiations between the Parties and shall be not subject to disclosure through discovery or any other process and shall not be admissible into evidence in any proceeding.

(b) If, within ten (10) days after a Dispute has arisen (the "Negotiation Period"), the Parties have not succeeded in negotiating a resolution of the Dispute, the

parties agree to use the services of a mediator(s) to attempt to resolve their differences and failing agreement on the procedures to be followed, it shall be conducted in accordance with the *Rules of Procedure for the Conduct of Mediation* of the ADR Institute of Ontario. In the event that the mediation does not result in a settlement of the Dispute, any unresolved issues shall then be settled by arbitrator in accordance with the *Arbitrations Act*, 1991 of Ontario and, except where inconsistent with this part, the Rules of Procedure of the Arbitration and Mediation Institute of Ontario Inc. If the Parties are unable to agree to an arbitrator, then either Party shall be entitled to apply to a judge of Ontario Court of Justice, General Division to appoint an arbitrator and the arbitrator so appointed shall proceed to determine the matter *mutatis mutandis* in accordance with the provisions hereof.

(c) Any award or decision made by an arbitrator appointed hereunder is final and binding upon the Parties and may be enforced in the same manner as a judgment or order to the same effect pursuant to Section 13 of the *Arbitrations Act*, 1991 and no appeal shall lie there[]from except to the extent permitted by the *Arbitrations Act*, 1991.

On 8 September 2010, the parties executed an amendment to the Agreement ("Amendment 1"). Under Amendment 1, Defendant agreed to deliver various intellectual property and software to Plaintiff in exchange for an advance payment of $154,500. Plaintiff made the advance payment of $154,500. The parties agree that the ADR provision of the Agreement was unaffected by

Amendment 1. However, on 13 December 2010, the parties executed a memorandum of understanding ("the Memo") which provided that the Agreement would be terminated on 31 March 2011, at which point "both parties will be released of any and all responsibilities/obligations (financial, operational, or other), with the sole exception of the $154,500 advancement under Amendment . . . 1 . . . ." Specifically, the Memo provided that Defendant would reimburse the advance payment of $154,500 to Plaintiff by 31 March 2012, at which point Plaintiff would return to Defendant the intellectual property and software discussed in Amendment 1. In effect, the Memo served to "undo" Amendment 1.

On 11 July and 13 September 2013, Plaintiff sent demand letters to Defendant, seeking reimbursement of the $154,500 advance payment. In late August and early September 2013, Defendant attempted to set up a time for the parties to conference via telephone in an effort to settle the dispute. Plaintiff elected not to pursue a telephone conference.

On 1 October 2013, Plaintiff filed a complaint alleging claims for breach of contract, unjust enrichment, and statement of account against Defendant. On 2 December 2013, Defendant moved to dismiss Plaintiff's complaint without prejudice

pursuant to Rules of Civil Procedure 12(b)(1) and 12(b)(6) until "Plaintiff ha[d] participated in good faith in the dispute resolution procedures which are mandatory conditions precedent to its right to bring" its claims against Defendant. Following a hearing, the trial court entered an order on 9 January 2014 denying Defendant's motion to dismiss. From that order, Defendant appeals.

*Grounds for Appellate Review*

As Defendant notes, this appeal is interlocutory. Defendant cites *Howard v. Oakwood Homes Corp.*, 134 N.C. App. 116, 516 S.E.2d 879, *disc. review denied*, 350 N.C. 832, 539 S.E.2d 288 (1999), *cert. denied*, 528 U.S. 1155, 145 L. Ed. 2d 1072 (2000), in support of the proposition that this appeal nevertheless is properly before this Court. That case held:

> Where a trial court's order, such as the order *sub judice*, fails to resolve all issues between all parties in an action, the order is not a final judgment, but rather is interlocutory. While an interlocutory order is generally not directly appealable, such an order will be considered if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review. The right to arbitrate a claim is a substantial right which may be lost if review is delayed, and an order denying arbitration is therefore immediately appealable.

*Id.* at 118, 516 S.E.2d at 881 (citations and internal quotation marks omitted). We first observe that Defendant did not move to compel Plaintiff to engage in any of the dispute resolution procedures described in the ADR provision of the Agreement.[1]

However, in its order denying Defendant's motion to dismiss, the trial court "conclude[d] that there is no enforceable agreement between the [p]arties with respect to alternative dispute resolution." In denying a motion to dismiss pursuant to Rule 12(b), a trial court need not enter any findings of fact or, for that matter, explain the reasons for its ruling. The record on appeal does not include the transcript of the hearing on Defendant's motion, and thus we are unable to ascertain whether Defendant orally moved to compel Plaintiff to engage in the procedures outlined in the ADR provision or explicitly sought a ruling on whether the ADR provision was enforceable.

Defendant did, however, raise the issue of the ADR provision in its motion to dismiss, contending that the provision bars Plaintiff from proceeding on its complaint until

---

[1] Indeed, Defendant has been careful both in the trial court and on appeal to specify that it seeks only dismissal of Plaintiff's case and not any order that would compel the parties to actually resolve their dispute or even for a stay pending compliance with the ADR provision.

the ADR procedures have been followed. Further, in its grounds for appellate review and in its first argument to this Court, Defendant treats the trial court's ruling as, in effect, the denial of a motion to compel arbitration or to stay proceedings pending arbitration. Crucially, the trial court's ruling effectively forecloses Defendant's right to compel Plaintiff's participation in the procedures described in the ADR provision, "a substantial right which may be lost if review is delayed." *See id.* In light of these circumstances, we conclude that the order is immediately appealable, and we review it as a denial of a motion to compel the parties' engagement as directed in the ADR provision or to stay proceedings until those procedures are followed.

## *Discussion*

Defendant argues that the trial court erred (1) by failing to make sufficient findings of fact to support its order and (2) in denying Defendant's motion to dismiss. We affirm.

## I. *Sufficiency of the findings of fact*

Defendant first contends that the trial court's order lacks sufficient findings of fact. We disagree.

When

> a party files a motion to compel arbitration, the trial court must perform a

> two-step analysis requiring the trial court to ascertain both (1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement. This Court has stressed repeatedly that, in making this determination, the trial court must state the basis for its decision in denying a defendant's motion to stay proceedings [pending arbitration] in order for this Court to properly review whether or not the trial court correctly denied the defendant's motion.

*U.S. Trust Co., N.A. v. Stanford Grp. Co.*, 199 N.C. App. 287, 290, 681 S.E.2d 512, 514 (2009) (citations and internal quotation marks omitted). In that case, we remanded for additional findings of fact because "the order d[id] not set out the rationale underlying the trial court's decision to deny [the] defendants' motion. Nothing in the order explains what about the facts presented persuaded the trial court that [the] plaintiff should not be compelled to arbitrate its dispute." *Id.* at 291, 681 S.E.2d at 515 (internal quotation marks and ellipsis omitted). This Court noted that the parties had argued numerous possible bases in fact and in law that *could* support the trial court's denial. *Id.; see also Ellis-Don Const., Inc. v. HNTB Corp.*, 169 N.C. App. 630, 635, 610 S.E.2d 293, 296 (2005) ("While denial of [the] defendant's motion might have resulted from: (1) a lack of privity between the parties; (2) a

lack of a binding arbitration agreement; (3) this specific dispute does not fall within the scope of any arbitration agreement; or, (4) any other reason, we are unable to determine the basis for the trial court's judgment."); *Barnhouse v. Am. Express Fin. Advisors, Inc.*, 151 N.C. App. 507, 509, 566 S.E.2d 130, 132 (2002) (noting that "there is no indication that the trial court made any determination regarding the existence of an arbitration agreement between the parties before denying [the] defendants' motion to stay proceedings[,]" and that, although the order could support an inference that the trial court found no arbitration agreement existed, "other possibilities [were] equally likely" for the denial of the motion to compel arbitration, such as equitable estoppel and procedural grounds).

However, in *Barnhouse*, we emphasized that a trial court is not required "to make detailed and specific findings of fact regarding the agreement to arbitrate. Rather, the order must simply reflect whether or not a valid agreement to arbitrate exists between the parties." *Id.* at 509 n.1, 566 S.E.2d at 132 n.1.

Here, the trial court explicitly "set out the rationale underlying the trial court's decision to deny [D]efendant['s] motion[,]" *see U.S. Trust Co., N.A.*, 199 N.C. App. at 291, 681

S.E.2d at 515, to wit, "there is no enforceable agreement between the [p]arties with respect to alternative dispute resolution." This determination is all that is required under our case law, including the cases cited by Defendant on appeal. *See id.; Barnhouse*, 151 N.C. App. at 509 n.1, 566 S.E.2d at 132 n.1; *Griessel v. Temas Eye Ctr., P.C.*, 199 N.C. App. 314, 317, 681 S.E.2d 446, 448 (2009); *Steffes v. DeLapp*, 177 N.C. App. 802, 805, 629 S.E.2d 892, 895 (2006); *Pineville Forest Homeowners Ass'n v. Portrait Homes Const. Co.*, 175 N.C. App. 380, 387, 623 S.E.2d 620, 625 (2006); *CIT Grp./Sales Fin., Inc. v. Bray*, 141 N.C. App. 542, 545, 539 S.E.2d 690, 692 (2000). We overrule this argument.

## II. *Denial of motion to dismiss*

Defendant also contends that the trial court erred in denying its motion to dismiss because Plaintiff "failed to allege satisfaction of an enforceable alternative dispute resolution provision." Defendant misperceives its burden in the trial court as well as our appellate standard of review.

As noted *supra*, Defendant moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).

> A motion to dismiss made pursuant to . . .
> Rule 12(b)(6) tests the legal sufficiency of
> the complaint. In order to withstand such a
> motion, the complaint must provide

sufficient notice of the events and circumstances from which the claim arises, and must state allegations sufficient to satisfy the substantive elements of at least some recognized claim. The question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. A complaint should not be dismissed for insufficiency unless it appears to a certainty that [the] plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Such a lack of merit may consist of the disclosure of facts which will necessarily defeat the claim as well as where there is an absence of law or fact necessary to support a claim.

*Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670-71, 355 S.E.2d 838, 840-41 (1987) (citations, internal quotation marks, emphasis omitted).

A motion under Rule 12(b)(1) may be used to attack two different types of defects. The first is the pleader's failure to comply with Rule 8(a)(1), which means that the allegations in the complaint are insufficient to show that the court has jurisdiction over the subject matter of the case. The other defect that may be challenged under Rule 12(b)(1) is the court's actual lack of jurisdiction over the subject matter, a defect that may exist despite the formal sufficiency of the allegations in the complaint.

[Thus, a]s this Court has previously explained, when considering a Rule 12(b)(1) motion — in contrast to a motion under Rule

> 12(b)(6) — a trial court is not confined to the face of the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing.

*Harper v. City of Asheville*, 160 N.C. App. 209, 215, 585 S.E.2d 240, 244 (2003) (citations, internal quotation marks, and ellipses omitted).

We review *de novo* a trial court's denial of a Rule 12(b)(6) motion to dismiss. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *affirmed per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). Likewise, we review a ruling under Rule 12(b)(1) *de novo* and "view the allegations as true and the supporting record in the light most favorable to the non-moving party." *Mangum v. Raleigh Bd. of Adjustment*, 362 N.C. 640, 644, 669 S.E.2d 279, 283 (2008).

However, a different standard of review applies where a party has moved to compel arbitration or to stay proceedings pending arbitration:

> When a party disputes the existence of a valid arbitration agreement, the trial judge must determine whether an agreement to arbitrate exists. The trial court's findings regarding the existence of an arbitration agreement are conclusive on appeal where supported by competent evidence, even where the evidence might have supported findings to the contrary. Accordingly, upon appellate review, we must determine whether there is evidence in the

record supporting the trial court's findings of fact and if so, whether these findings of fact in turn support the conclusion that there was no agreement to arbitrate.

Before a dispute can be settled by arbitration, there must first exist a valid agreement to arbitrate. [T]he moving party . . . bear[s] the burden of demonstrating that the parties mutually agreed to arbitrate their dispute.

*Sciolino v. TD Waterhouse Investor Servs.*, 149 N.C. App. 642, 645, 562 S.E.2d 64, 66 (citations omitted), *disc. review denied*, 356 N.C. 167, 568 S.E.2d 611 (2002).

Thus, in the trial court, Defendant bore the burden of establishing that the ADR provision existed and was valid, and on appeal, we must affirm the trial court's findings "regarding the existence of an arbitration agreement . . . [if they are] supported by competent evidence, even where the evidence might have supported findings to the contrary." *See id.* Simply put, Defendant cannot treat the order appealed from as, in essence, a ruling on a motion to compel arbitration in order to receive immediate appellate review, and then characterize the same order as a Rule 12(b) order to shift its burden of proof.

The evidence before the trial court included both (1) the Agreement which contained the ADR provision and (2) the Memo which provided that the Agreement would be terminated on 31

March 2011, at which point "both parties will be released of any and all responsibilities/obligations (financial, operational, or other), with the sole exception of the $154,500 advancement under Amendment . . . 1 . . . ." The record on appeal does not contain any evidence offered by Defendant that would controvert this language in the Memo. The Memo, attached to Plaintiff's complaint, is competent evidence which supports the trial court's finding and conclusion "that there is no enforceable agreement between the [p]arties with respect to alternative dispute resolution." Accordingly, the trial court's order is

AFFIRMED.

Chief Judge MCGEE and Judge DIETZ concur.

Report per Rule 30(e).