EZZELL v. ROWLAND LUMBER COMPANY.

(Filed April 15, 1902.)

1. ARBITRATION AND AWARD—*Evidence—References.*

  Arbitrators can not be required to report the evidence offered before them.

2. ARBITRATION AND AWARD—*Re-submission.*

  The report of arbitrators can not be recommitted to allow the introduction of evidence not offered at the original hearing.

3. ARBITRATION AND AWARD—*Arbitrators—Functi Officio.*

  After arbitrators have reported their award to the court they become *functi officio.*

4. ARBITRATION AND AWARD—*Report.*

  The report of arbitrators will not be set aside on the ground of excessive award of damages where there is no allegation of fraud or corruption.

Action by H. H. Ezzell against the Rowland Lumber Company and the McMillan-Miller Lumber Company, heard by Judge *O. H. Allen,* at August Term, 1901, of the Superior Court of Duplin County. From a judgment for the plaintiff, the defendants appealed.

*Stevens, Beasley & Weeks,* for the plaintiff.
*Allen & Dortch,* for the defendants.

Montgomery, J.    All matters in controversy in this action were, by consent, ordered to be submitted to the decision of arbitrators, their decision or that of any two of them to be final and to be made a rule of Court. The arbitrators agreed upon $534.96 as the amount of damages to which the plaintiff was entitled for the injury to his land ($50 per acre), and upon the award being reported to the Court, the defendant excepted thereto upon the ground that the damages allowed

were grossly excessive, and moved the Court, first, to recommit the award of the board of arbitration in order that the arbitrators might report the evidence offered before them; second, to recommit the award that the board of arbitration might consider other evidence as to damages; and third, to set aside the award. The Court overruled the exceptions and denied the motion, assigning as a reason for the denial of the motion "the want of authority to set aside the award for the causes stated in the said exceptions and the affidavits adduced thereon." The affidavits of probably seventy-five persons, in which it appeared that, in affiants' opinion, the lands, before they were injured, were not worth more than twelve dollars per acre, were filed with the motion, as were also a half dozen for the plaintiff, in which the affiants gave it as their opinion that the lands were worth fifty dollars per acre, the amount agreed upon by the arbitrators.

The second prayer in the motion was not noticed in the judgment, nor was it argued here, and we suppose it was abandoned. However, it could not have been allowed, for there was no statement or charge that the arbitrators had refused to examine any witness offered by either plaintiff or defendant.

As to the first prayer, that the award should be recommitted to the end that the evidence offered might be reported, it is sufficient to say that it has been decided by this Court that arbitrators are not required to find the facts, and consequently they would not be required to make notes of the evidence, even though requested to do so. *Keener v. Goodson,* 89 N. C., 273; *Lusk v. Clayton,* 70 N. C., 184. And further, that when the award, which covered the whole of the matter submitted to the arbitrators, was reported to the Court, the arbitrators became *functi officio,* and had no more connection with the matter than would a jury who had rendered their verdict

and been discharged. *Patton v. Baird,* 42 N. C., 255; *Eaton v. Eaton,* 43 N. C., 102; 2 Am. & Eng. Enc. Law, 698.

The third prayer asking that the award should be set aside on the ground that the amount allowed by the arbitrators was grossly excessive, was also properly denied by his Honor. So far as we can see from the record, no fault is found with the award except that the amount allowed the plaintiff was alleged to be grossly excessive. Neither the exceptions, nor the motion, nor any of the affidavits, alleged or charged that the arbitrators were influenced by motives of either corruption or partiality. The matter comes to us, then, in the form of a mistake in judgment on the part of the arbitrators as to the value of the lands of the plaintiff, and the extent of the injury to the same by defendant. Unless corruption or partiality was alleged and proved, such an error or mistake of judgment can not be corrected by the Courts. And. in such cases, the award would not be corrected. or recommitted, or reviewed, but it would be set aside on the ground that it would be against conscience to seek to have it enforced, and the parties would be left as if no submission had ever been made. *Eaton v. Eaton, supra; Gardner v. Masters,* 56 N. C., 462; *Patton v. Garrett,* 116 N. C., 847. It might be that in a case where the damages awarded or the amounts allowed were so grossly excessive as to show corruption or fraud on the face of the proceedings, the Courts would set aside the award upon a proper motion of the aggrieved party, but in such cases the direct charge of fraud or corruption should be made and not left to the Court to find of its own motion. Until such charge is made, the award would stand, error in judgment, however serious, not being sufficient in itself to vitiate the same.

No Error.