W. F. BRYSON AND WIFE, TEXIE BRYSON; FRED R. BRYSON AND WIFE, ARBUTUS BRYSON; WILLIS T. BRYSON AND WIFE, LESSIE BRYSON, v. C. C. HIGDON AND WIFE, VIOLET HIGDON, AND OSCAR HIGDON.

(Filed 23 September, 1942.)

**1. Arbitration and Award §§ 6, 8—**

Where parties to an action in ejectment consent to arbitration on questions of boundaries and an order is made accordingly under C. S., 898 (a), *et seq.,* but the record discloses no evidence upon which the arbitrators based their decision, the courts will assume that there was evidence to support their action.

**2. Arbitration and Award §§ 1c, 8—**

It has been frequently said that arbitrators are "a law unto them-
selves," and they are not bound to decide according to law when acting
within the scope of their authority, but may award according to their own
notions of justice and without assigning any reason.

**3. Arbitration and Award § 6—**

Arbitrators need not adopt the precise methods of hearing in court or
before referees and in many respects their procedure is not reviewable.

**4. Arbitration and Award § 13—**

When the law respecting submission to arbitration has been substan-
tially followed—and the result has not been challenged on that ground—
the award can be attacked only for fraud, undue influence, or improper
conduct on the part of the arbitrators when acting within their authority.

**5. Same—**

The fact that the arbitrators divided the contested area with approxi-
mate equality between the parties does not give rise to a legal inference
that they acted without evidence or beyond the pale of their authority.

APPEAL by defendants from *Gwyn, J.*, at May Term, 1942, of JACKSON.
Affirmed.

*Stillwell & Stillwell for plaintiffs, appellees.*
*Black & Whitaker for defendants, appellants.*

SEAWELL, J.   This suit began as an action to remove a cloud from the
title to the lands described in the complaint.   Defendant answered and,
inferentially at least, joined issue with the plaintiff as to the title; and
the case proceeded as in ejectment.

Pending the hearing, and at the instance of both parties, the contro-
versy was submitted to arbitration, and an order of the court was made
to that effect.   C. S., 898 (a), *et seq.*

The record discloses that the arbitrators named took the matter in
hand and, without difference of opinion or the necessity of selecting an
umpire, heard evidence and argument of counsel and submitted their
report, in which they ignored the lines contended for by the litigant
parties and established an intermediate line, with the effect of awarding
a portion of the contested area to each.   The appellants contend that this
is suggestive of compromise.   The report was confirmed by the judge,
and from this judgment defendants appealed.

The part of the order authorizing the arbitration which is supposed by
the appealing parties to be significant reads as follows:

"That Thomas A. Cox and H. R. Queen be, and they are hereby
appointed arbitrators, with the right and privilege to appoint the third
arbitrator in conformity with the agreement hereinbefore set forth.

That the arbitrators be and they are hereby authorized forthwith to proceed to arbitrate the cause herein set. forth as it relates to the title of land and the location of the boundary lines between the plaintiffs and the defendants, and as set forth in the complaint and answer and as embraced within the map and plat heretofore prepared under orders of this Court by S. M. Parker and R. Z. Coward.

"This order shall not be construed to mean that the arbitrators shall fix and establish the disputed lines at the places set forth on the court map as contended by the plaintiffs or at the places set forth on the court map as contended by the defendants, but may fix and establish the line or lines at one or the other of said lines contended, or at an intermediate line or lines as they may find from the evidence."

In their brief, appellants state the question which they conceive to be raised, as follows:

"May arbitrators, whose authority under the order of arbitration is to fix and establish certain land lines 'as they may find from the evidence,' fix the disputed line on a location not contended for by either party, where there is no evidence to support the location so fixed?"

Neither before Judge Gwyn, who confirmed the report of the arbitration, nor before this Court is there any record of the evidence, either oral, documentary, or demonstrative, upon which the arbitrators decided the controversy, and we cannot assume that there was none to support their action.

The courts have done all that they could in maintaining the purpose and spirit of this sort of arbitration by liberal construction of pertinent laws. It is, of course, not expected that arbitrators should adopt the precise methods· of hearings in court or before referees in making up their decision, and in many respects their procedure is not reviewable by this Court, as would be that of inferior courts.

It has been frequently stated that they are "a law unto themselves." When the law respecting submission to arbitration has been substantially followed—and the result has not been challenged on that ground—the award can be attacked only for fraud, undue influence, or improper conduct on the part of the arbitrators when acting within their authority. *Millinery Co. v. Insurance Co.,* 160 N. C., 139, 140, *infra.* There is nothing in this case which would indicate to the Court that that authority has been exceeded.

It is said in *Patton v. Baird,* 42 N. C., 256: "Arbitrators are no more bound to go into particulars and assign reasons for their award than a jury is for its verdict. The duty is best discharged by a simple announcement of the result of their investigation."

"They are not bound to decide according to law when acting within the scope of their authority, being the chosen judges of the parties and a

law unto themselves, but may award according to their notion of justice and without assigning any reason." *Millinery Co. v. Insurance Co.,* 160 N. C., 140, 75 S. E., 944; *Ezzell v. Lumber Co.,* 130 N. C., 205, 41 S. E., 99; *Robbins v. Killebrew,* 95 N. C., 19.

The cited cases and references therein indicate the policy of the law and the care of the courts to liberally sustain this very effectual and valuable method of bringing controversies to an end, considering that in many instances the controversy may have a more friendly ending and a speedier determination, and even a greater probability of justice between the litigants than may be afforded by the more belligerent methods of trial in the courts of law. 3 Am. Jur., p. 830, sec. 2; *Martin v. Vansant,* 99 Wash., 106, 168 P., 990. With this in view, every reasonable intendment will be indulged in favor of the regularity and integrity of the proceeding. 6 C. J. S., 152, sec. 1. See above cited cases.

We find no indication in this record that the arbitrators exceeded their authority or power, and the judgment of the court below is

Affirmed.