CREEKSIDE CONSTRUCTION COMPANY, PLAINTIFF V. JOHN DOWLER AND WIFE,
CARLA DOWLER, DEFENDANTS

No. COA04-1225

(Filed 16 August 2005)

**1. Arbitration and Mediation— validity of clause—evidence consideration**

Arbitration was not erroneously compelled where defendants argued that they did not have the opportunity to present evidence of the invalidity of the arbitration clause, but the trial court expressly noted that it considered pleadings, evidence, and the contentions of counsel, defendants offered no suggestion of the evidence they were precluded from presenting, defendants make no argument about why the evidence before the court was not sufficient, and there was no infirmity in the evidence that would preclude the court from summarily determining that the contract had not been induced by fraud and the arbitration clause was enforceable.

**2. Arbitration and Mediation— contract clause—validity**

An arbitration clause was clear, unambiguous, and valid.

**3. Appeal and Error— citation of authority—required**

Arguments concerning the validity of an arbitration clause were unavailing where defendants failed to support any of their theories with citation to authority. Moreover, defendants' claims concerning the impartiality or suitability of the arbitrators lacked merit.

**4. Arbitration and Mediation— multiple arbitrator documents—document for judicial action**

The proper document upon which further judicial action should be taken in a disputed arbitration was the "arbitration award," one of several documents signed by the arbitrators and the case was remanded because the trial court did not confirm that award.

**5. Arbitration and Mediation— majority vote of arbitrators—sufficient under agreement**

In a disputed arbitration remanded on other grounds, a majority vote of the three arbitrators should have been sufficient under this arbitration clause.

CREEKSIDE CONSTR. CO. v. DOWLER

[172 N.C. App. 558 (2005)]

**6. Arbitration and Mediation— damages—multiple arbitrator documents—premises**

In an action remanded on other grounds, assignments of error concerning treble damages in an arbitration award depended upon an arbitrator's decision which was supplanted by an arbitrator's award. Moreover, defendant's assertion involving the amount of the award was based on a premise about the amount of its damages, which was for the arbitration panel to decide.

**7. Arbitration and Mediation— attorney fees—refused—no abuse of discretion**

In an action remanded on other grounds, there was no abuse of discretion by the trial court in refusing to award defendants attorney fees in a disputed arbitration, assuming that attorney fees were otherwise available to defendants, where it was defendants who resisted arbitration.

Appeal by plaintiff and defendants from judgment entered 5 April 2004 by Judge J.D. Hockenbury in Carteret County Superior Court. Heard in the Court of Appeals 20 April 2005.

*Richard L. Stanley for plaintiff.*

*Julie E.D. Shepard for defendants.*

CALABRIA, Judge.

Creekside Construction Company ("plaintiff") and John and Carla Dowler ("defendants") appeal from the entry of judgment confirming an arbitration award. We affirm in part and reverse and remand in part.

Defendants are the owners of a condominium unit located in Carteret County. Defendants sought bids concerning desired renovation work to the condominium unit. Plaintiff's initial estimate for the work to be performed was approximately $35,000.00 but did not include estimates for plumbing fixtures. Subsequent meetings between plaintiff and defendants resulted in changes to the work to be performed, and the parties agreed that the contract work would be done "on a cost plus 15%" basis. Based on the scope of work at that time, the estimate for the work to be performed was in the low to mid-$50,000.00 range. On 4 September 2002, Barry E. Snipes ("Snipes"), as President on behalf of plaintiff, executed a construc-

tion contract ("contract") with defendants for renovations of defendants' condominium unit in accordance with certain specifications. In addition, the contract contained the following arbitration clause:

> 14. Arbitration. Any disagreements arising out of this Contract or the application of any provisions hereunder shall be submitted to binding arbitration by three arbitrators who shall be licensed general contractors in the State of North Carolina. Owner and Contractor shall each select one, and the two arbitrators shall then agree as to the third arbitrator. Any decision reached by a majority vote of the three shall be binding on the parties hereto and shall have the weight as a legal decision on any difference arising herein. Either party may invoke the process of arbitration by giving the other party notice in writing that the arbitration procedures herein are being instituted. Thereafter each party shall have five working days to select his arbitrator, and the two so selected shall have a period of five working days thereafter in which to select the third arbitrator. The three arbitrators shall then have a period of fourteen days thereafter in which to investigate this matter and to render their decision concerning any disagreements. The cost of the arbitration shall be borne equally between Owner and Contractor.

As renovation work progressed, plaintiff alleged defendants continued to make changes to the scope of work to be performed and plaintiff complied with the requested changes, all of which fell under the payment provisions in the contractual agreement of cost plus fifteen percent. At the completion of the renovation, the total billing for the project came to $92,848.03. Defendants paid $38,228.04 but refused to pay the balance. Defendants and plaintiff initially agreed to arbitrate the matter, and plaintiff appointed an arbitrator. Defendants, thereafter, refused to appoint an arbitrator, and plaintiff filed a claim of lien as well as an action to foreclose the lien. In addition, plaintiff's complaint contained a cause of action for breach of contract and a request for an order compelling arbitration. Finally, plaintiff changed the locks on the condominium unit to prevent defendants' access.

Defendants answered the complaint and alleged several counterclaims, including trespass, fraud, and unfair and deceptive trade practices. Defendants asserted in their answer that the arbitration clause was unenforceable and that plaintiff failed to properly assert it. At the 17 November 2003 hearing, the trial court heard arguments from the parties, received documents, briefs, affidavits, and considered the pleadings. Defendants argued that the contract containing the arbi-

**CREEKSIDE CONSTR. CO. v. DOWLER**

[172 N.C. App. 558 (2005)]

tration clause had been procured by fraud and the trial court had to conduct a jury trial on the factual issues concerning fraud before it could proceed to compel arbitration.

On 15 December 2003, the trial court entered findings of fact and conclusions of law in an order compelling arbitration. The matter went before a panel of three arbitrators chosen in accordance with the contract. In a document signed by all three arbitrators and dated 4 March 2004, plaintiff was awarded "the total sum of $67330.00 . . . less $38228.04 already paid by [defendants] for a balance due of $29101.96[.]" An undated document signed by all three arbitrators on 5 March 2004 and entitled "Arbitrator's Decision," listed the following: (1) plaintiff did not commit fraud, did commit an unfair trade practice, and did trespass; and (2) both plaintiff and defendants breached the contract. For each wrongdoing, the arbitrators found "nominal or actual damages" in the amount of $1.00. Thus, this document purportedly set forth net "nominal or actual" damages to defendants in the amount of $2.00. Yet another document, signed by the three arbitrators and indicating a date of 18 March 2004 was entitled "Arbitration Award." This document contained the arbitration panel's request that the trial court "confirm this award and adopt the same as the judgment of the Court." Recapitulating the reasoning contained in the document of 4 March, the "arbitration award" awarded plaintiff $29,101.96 and noted that the award "is over and above all other issues and nominal damages which have been considered or awarded by the panel." The "arbitration award" stated nothing with respect to the "arbitrator's decision" that specified the panel's findings with respect to each wrongdoing by the parties and that awarded damages of $1.00 for each wrongdoing the panel found to have occurred. In addition, the "arbitrator's award" contained additional language not in the 4 March 2004 document as follows:

[T]his award shall draw interest at the legal rate as allowed by North Carolina law, and the judgment and award as confirmed by the Court should order the sale of the property owned by the Defendants under the provisions of Chapter 44A of the North Carolina General Statutes in order to satisfy Plaintiff's lien and this award.

On 12 March 2004, defendants filed a motion for treble damages and an award of attorney fees based on the arbitral determination of the unfair trade practice. Defendants argued that the difference between the amount claimed by plaintiff to be owed under the contract (approximately $96,000.00) and the arbitral award to plaintiff

($67,330.00) constituted damages awarded by the arbitral panel to defendants on their counterclaims. At the hearing, plaintiff asked the trial court to confirm the "arbitration award" document. With respect to the three documents produced by the arbitration panel, the trial court disregarded the "arbitrator's decision" and gave it no effect. The trial court further noted that the "arbitration award" was "not part of the order that is in the file" and that it was "not part of their order."

In an order entered 5 April 2004, the trial court confirmed the monetary award of $67,330.00, which accorded with both the 4 March 2004 document and the monetary award in the "arbitration award." The trial court denied defendants' motion to treble damages and award attorney fees. From that order, defendants appeal, asserting the trial court erred in (1) compelling arbitration due to the lack of an opportunity to present evidence concerning the invalidity of the arbitration clause and (2) confirming the arbitration award. Plaintiff appeals the trial court's failure to provide that the real property should be sold under Chapter 44A of the North Carolina General Statutes to enforce plaintiff's lien as set forth in the "arbitration award."

I. Order Compelling Arbitration

[1] In their first assignment of error, defendants assert the trial court erred in compelling arbitration because they were deprived of an opportunity to present evidence of the invalidity of the arbitration clause. Specifically, defendants argue the contract was induced by fraud concerning the disparity between the original bid on the renovation project and the final total cost of the project. At the hearing, defendants argued they were entitled to a jury trial on the issue of whether the arbitration clause was enforceable on the grounds that the contract was induced by fraud. On appeal, defendants have abandoned that argument, and we note that such argument is supported by neither statutory nor case law. *See* N.C. Gen. Stat. § 1-567.3 (2001) (emphasis added) (providing that "if the opposing party denies the existence of the agreement to arbitrate, *the court* shall proceed *summarily* to the determination of the issue . . .")[1]; *Barnhouse v. American Express Fin. Advisors, Inc.,* 151 N.C. App. 507, 508, 566 S.E.2d 130, 131-32 (2002) (observing that "the court may . . . properly resolve preliminary issues surrounding the agreement, such as whether or not the agreement was induced by fraud").

---

1. North Carolina General Statute §§ 1-567.3 to 1-567.20 have been repealed; however, it remains applicable to the instant contract because it was entered into before 1 January 2004. N.C. Gen. Stat. § 1-569.3 (2003).

Instead, defendants argue the trial court deprived them of the opportunity to present evidence of the invalidity of the arbitration clause. However, the trial court expressly noted in its order compelling arbitration that it reviewed and considered "evidence and documents presented by the parties, the pleadings, briefs, and affidavits [as well as] the arguments and contentions of counsel[.]" After considering such evidence, the trial court entered an order compelling arbitration supported by findings of fact and conclusions of law, none of which defendants have assigned as error on appeal. Moreover, defendants offer no suggestion as to what specific evidence they were precluded from offering at trial in their brief to this Court and make no argument why the evidence before the trial court was not sufficient to allow the trial court to summarily determine the issue of whether the contract containing the arbitration clause was induced by fraud and, therefore, unenforceable. Furthermore, after reviewing the record and the transcript of the proceeding, we find no infirmity in the evidence before the trial court that would preclude it from summarily determining that the contract had not been induced by fraud and the arbitration clause was enforceable. This assignment of error is overruled.

[2] By their next assignment of error, defendants contend that the "rudimentary and ambiguous arbitration clause" failed to provide "guidance or procedures for a hearing, the taking of evidence, or a right to be heard." The public policy of North Carolina strongly supports the settlement of disputes via arbitration. *Johnston County v. R. N. Rouse & Co.*, 331 N.C. 88, 91, 414 S.E.2d 30, 32 (1992). Moreover, as plaintiff correctly points out, the arbitration clause in the instant case is sufficiently similar to that considered in *Red Springs Presbyterian Church v. Terminix Co.*, 119 N.C. App. 299, 300-01, 458 S.E.2d 270, 272 (1995) to warrant the same result.[2]

In *Red Springs*, this Court considered the following arbitration clause:

It is agreed between Purchaser and Terminix that any controversy or dispute arising between them relating to: (1) any treatment

2. The arbitration clause in *Red Springs* did contain the additional language providing that the arbitration would be "controlled by and conducted under" the North Carolina Uniform Arbitration Act. *Id.*, 119 N.C. App. at 301, 458 S.E.2d at 272. The lack of such language in the instant case is irrelevant. Our Supreme Court, based on the language contained in N.C. Gen. Stat. § 1-567.2 (2001), has noted that the Uniform Arbitration Act provides only two exceptions to which it will not apply, neither of which are operative in the instant case. *Crutchley v. Crutchley*, 306 N.C. 518, 522-23, 293 S.E.2d 793, 796 (1982).

or service rendered by or allegedly required to be rendered by Terminix, or (2) any damage or injury to person or to property, whether direct, incidental, or consequential, allegedly caused by Terminix, or (3) the enforcement of or any claim under the 'GUARANTY AND EXCLUSIONS' provisions hereof, shall be settled and resolved exclusively by arbitration. It is further agreed the said arbitration shall be controlled by and conducted under the provisions of the North Carolina Uniform Arbitration Act, North Carolina General Statutes 1-567.1 through 1-567.20, as said statutes may be amended or replaced from time to time, and said North Carolina statutes are hereby incorporated into this Contract by reference as if fully set forth herein. It is further agreed that there shall be a total of three (3) arbitrators, one to be chosen by Purchaser, one by Terminix, and a third by the first two arbitrators. It is also agreed that the arbitrators shall render their written award or decision within thirty days after the conclusion of the arbitration hearing.

*Id.*, 119 N.C. App. at 300-01, 458 S.E.2d at 272. This Court went on to state that the "language [of the arbitration clause] is clear and unambiguous . . . [and] a valid agreement to arbitrate exists." *Id.*, 119 N.C. App. at 302, 458 S.E.2d at 272-73. Likewise, in the instant case, we find the language to be clear and unambiguous.

**[3]** We also find unavailing defendants' remaining arguments, including, *inter alia*, inherent bias, public policy, and comments by the trial court after arbitration was complete regarding the trial court's concern that the arbitrators might not have sufficient knowledge of the law of unfair and deceptive trade practices to properly determine the issue. Dispositively, defendants have failed to support any of these various theories with citation to authority in violation of our appellate rules. N.C. R. App. P. 28(b)(6) (2005) (providing that assignments of error "in support of which no reason or argument is stated or authority cited[] will be taken as abandoned").

We note in passing that these claims lack merit. As noted *supra*, North Carolina's public policy strongly favors arbitration. Defendants' contention regarding appearance of impartiality starkly contravenes this Court's holding in *Carteret County v. United Contractors of Kinston*, 120 N.C. App. 336, 343, 462 S.E.2d 816, 821 (1995) (rejecting outright arguments of "inherent" or "fundamental" unfairness against an arbitration panel consisting solely of contrac-

tors without direct ties to a party construction company).[3] Finally, the language by the trial court reflecting its concerns as to the suitability of the arbitrators in the instant case is immaterial. This Court has previously held that an unfair and deceptive practices claim pursuant to N.C. Gen. Stat. § 75-1.1 (2003) is proper for arbitration. *Rodgers Builders v. McQueen*, 76 N.C. App. 16, 23, 331 S.E.2d 726, 731 (1985). This assignment of error is overruled.

## II. Order Compelling Arbitration

[4] The remaining issues concern the trial court's judgment purporting to confirm the award of the arbitral panel. As a preliminary matter, we must determine which document was the award of the arbitral panel. We conclude the document captioned "arbitration award" was the award of the arbitral panel.

First, the monetary award contained in the 4 March 2004 document and the "arbitration award" is identical and based on identical reasoning. Neither document accords with the "arbitrator's decision" awarding "nominal or actual damages" of $1.00 for the individual wrongdoings found by the panel. In addition, the award contained in the "arbitration award" was expressly stated to be "over and above all other issues and nominal damages which have been considered or awarded by the panel." Notably, the "arbitration award" also expressly contained a "request" from the "arbitration panel . . . that the Court confirm *this award and adopt the same* as the judgment of the Court." Finally, the "arbitration award" is the most complete embodiment of the arbitral panel's determination.[4] We are also of the opinion that the panel, in the "arbitration award" denoted that it had considered the listed wrongdoings of the parties, as contained in the "arbitrator's decision" as well as the monetary damages flowing from the breach of contract, and distilled their award into the "simple announcement of the result of their investigation" in accordance with their own "notion of justice" that has been previously approved of by our Supreme Court. *Bryson v. Higdon*, 222 N.C. 17, 19-20, 21 S.E.2d 836, 837 (1942) (noting that "[a]rbitrators are

---

3. Our analysis in *Carteret County* involved a plaintiff's motions to vacate or modify the award based on bias under N.C. Gen. Stat. § 1-567.13(a)(2). Notably, defendants have not moved to vacate the award on these grounds and nothing in the record indicates defendants raised the issue of bias during arbitration.

4. We are cognizant of defendants' assertion that the "arbitration award" does not expressly comment on the counterclaims raised. The award does, however, expressly note it is in lieu of "all other issues and nominal damages" that comprises entirely the document entitled "arbitrator's decision[.]"

no[t] bound to go into particulars and assign reasons for their award . . . but may award according to their notion of justice and without assigning any reason").

We hold the "arbitration award" as opposed to the document dated 4 March 2004 is the proper document upon which further judicial action should be taken. The trial court's action with respect to the "arbitration award" is reasonable as that document, signed on 18 March 2004, was unavailable at the time defendants moved for a hearing on 12 March 2004. Nonetheless, having held that the award of the arbitral panel was contained in the "arbitration award" and given that the trial court did not confirm that award, we remand for further proceedings.

[5] Due to the possibility that certain issues may occur upon remand, we additionally address three other arguments. First, the record reveals that the trial court, in part, dismissed a portion of the "arbitration award" containing language for the sale of the property under Chapter 44A on the grounds that only two out of three arbitrators agreed to it. Under the facts of this case, the majority, notwithstanding the lack of unanimity, is sufficient. The arbitration clause in the contract made binding on the parties "[a]ny decision reached by a majority vote of the three" arbitrators, which accords with the applicable provisions of the Uniform Arbitration Act. *See* N.C. Gen. Stat. § 1-567.5 (2001) (providing that the "powers of the arbitrators may be exercised by a majority unless otherwise provided by the agreement or by this Article").

[6] Second, defendants assert the trial court erred in denying the motion for treble damages and award for attorney fees. Both of these assignments depend on the inclusion of the "arbitrator's decision" as a part of the arbitral award. Having determined the trial court correctly confirmed the "arbitration award," which supplanted the "arbitrator's decision," we note these assignments of error fail. Moreover, defendants' assertion is based upon the premise that the arbitral panel awarded them over $29,000.00 based on the difference between the panel's award to plaintiff ($67,330.00) and the full amount plaintiff claimed was due under the contract ($96,720.98). We disagree. While plaintiff may have presented evidence that $96,720.98 was due, whether plaintiff was able to establish that amount sufficiently was for the arbitration panel to decide.

[7] Regarding defendants' assertion that the trial court abused its discretion in failing to award attorney fees under N.C. Gen. Stat.

LINCOLN v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[172 N.C. App. 567 (2005)]

§ 75-16.1 (2003), defendants must prove, *inter alia*, that "there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit . . . ." N.C. Gen. Stat. § 75-16.1. It was plaintiff that moved to compel arbitration, and it was defendants who resisted arbitration up to and including at the hearing from which the trial court finally compelled arbitration. Assuming attorney fees were otherwise available to defendants, we find no abuse of discretion by the trial court in refusing to award them.

Affirmed in part, reversed and remanded in part.

Judges McGEE and ELMORE concur.